IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL THOMAS GERARDY,<br><br>        Plaintiff,<br><br>v.<br><br>SEVENTH DISTRICT COURT,<br><br>        Defendant. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 2:17-CV-945 RJS<br><br>District Judge Robert J. Shelby |

      Plaintiff, Daniel Thomas Gerardy, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2019),[1] proceeding *in forma pauperis*. *See* 28 *id.* § 1915. Having now screened the Complaint, (Doc. No. 3), under its statutory review function,[2] the Court orders Plaintiff to show

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

cause why the Complaint should not be dismissed for failure to identify an appropriate defendant and lack of jurisdiction.

Based on the latest information available to the Court, Plaintiff is incarcerated in New Mexico, with Utah warrants pending. Plaintiff names Utah Seventh District Court as the only defendant. He asserts that Defendant violated his federal constitutional rights by maintaining criminal charges against him and warrants for his arrest. As remedy, he asks the Court to dismiss the charges and warrants.

## ANALYSIS

### 1. Grounds for Dismissal

In evaluating the propriety of dismissing claims for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the

pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

**2. Inappropriate Defendant**

Utah Seventh District Court is not an entity that may be sued under § 1983. "It is clear that a state court simply is not a 'person' or a juridical entity capable of being sued under § 1983." *Magee v. Alexander*, No. 16-14697, 2016 U.S. Dist. LEXIS 184918, at *4 (E.D. La. Nov. 4, 2016); *see also Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (holding state court properly dismissed under § 1983 because "governmental entity that is an arm of the state for Eleventh Amendment purposes" is not "person"); *Coopersmith v. Colorado,* 465 F.2d 993, 994 (10th Cir. 1972) (stating state courts not "persons" under § 1983); *Rey v. Hostetler*, No. 18-3210-

SAC, 2019 U.S. Dist. LEXIS 30164, at * (D. Kan. Feb. 26, 2019) ("The defendant . . . County Court is an arm of the State, and therefore, it is not a 'person' suable under § 1983." (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989))); *Agrawal v. Courts of Okla.*, No. CIV-18-396-D, 2018 U.S. Dist. LEXIS 13591, at *5 (W.D. Okla. July 9, 2018) (unpublished) (dismissing claims *sua sponte* because "courts are not suable entities").

### 3. Issues in Ongoing Criminal Case

Plaintiff asks that his state charges and warrants be dismissed here.

The Court proposes to deny relief under the *Younger* abstention doctrine. *See Housley v. Williams,* No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *2 (N.D. Cal. May 1, 2002). After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The abstention analysis has three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying the analysis here, the Court first determines based on the information in the complaint that there is a pending state judicial proceeding. Second, although this is a federal civil-rights case, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'" *Oltremari*

4

*ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). Considering that Petitioner actually attacks--both here and in state court--ongoing criminal proceedings, the Court concludes the issues in this noncriminal civil-rights case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest. *Id.* Finally, Petitioner has an adequate chance to raise any of his federal constitutional challenges in state court. The Court is persuaded by this analysis to avoid intervening in Plaintiff's state criminal proceedings and therefore proposes to deny Plaintiff's claims on this basis.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff must within thirty days **SHOW CAUSE** why his Complaint should not be dismissed for naming an improper defendant and failing to state a claim within the Court's jurisdiction.

DATED this 2nd day of May, 2019.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court