# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL THOMAS GERARDY,<br><br>Plaintiff,<br><br>v.<br><br>SEVENTH DISTRICT COURT,<br><br>Defendant. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:17-CV-945 RJS<br><br>District Judge Robert J. Shelby |

This is a *pro se* prisoner civil-rights suit. 42 U.S.C.S. § 1983 (2019). On May 2, 2019, this Court issued an Order to Show Cause requiring Plaintiff to within thirty days respond why the Complaint should not be dismissed for (1) naming an inappropriate defendant--Utah Seventh District Court--and (2) lack of jurisdiction because Plaintiff improperly asks that his state charges and warrants be dismissed.

Plaintiff's response does not at all address these fatal deficiencies. (Doc. No. 17.) Plaintiff further moves to amend his Complaint to add as defendants State of Utah, Judge Douglas B. Thomas (Utah Seventh District Court), and "any and all clerks involved with" his state criminal case." (Doc. No. 18.) The addition of these defendants would do nothing to cure deficiencies.

First, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995);

*Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress. Because claims against the State are precluded by Eleventh Amendment immunity, the Court has no subject-matter jurisdiction to consider them. *See id.* at *9.

Second, it is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Plaintiff has not suggested that the judge here did anything but act in a judicial capacity in presiding over Plaintiff's case; as such, the judge's actions are entitled to absolute immunity. *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

Finally, Plaintiff does not identify by name the clerks of the court as he must to validly assert claims against them, nor does he address their potential immunity.

## ORDER

**IT IS THEREFORE ORDERED** that the Complaint is **DISMISSED** with prejudice.

DATED this 5th day of June, 2019.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court